### FEIST et al. v. FIDELITY UNION TRUST CO.
#### No. 5826.

District Court, D. New Jersey.

Sept. 5, 1939.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for plaintiffs.

Lindabury, Depue & Faulks, of Newark, N. J., for defendant.

FAKE, District Judge.

It appears upon the face of the complaint herein that after the death of Abraham Feist, his will was duly probated in the Surrogate's office of the County of Essex, and thereafter, the defendant and the plaintiff as Executors and Trustees under the will, filed an account in the Essex County Orphans' Court on July 15, 1931.

The complaint alleges improper and unlawful administration of the Estate by the defendant trust company resulting in enormous losses, and by way of relief in this Court seeks a decree removing the defendant trust company as Executor and Trustee and surcharging it with said losses.

Since the filing of the complaint herein, the United States Supreme Court has handed down an opinion in the case of Princess Lida of Thurn and Taxis et al., v. Thompson et al., 305 U.S. 456, 59 S.Ct. 275, 277, 83 L.Ed. 285. In that case the Court said: "This case presents the question whether the exercise of jurisdiction by a state court over the administration of a trust deprives a federal court of jurisdiction of a later suit involving the same subject matter." The question so propounded by the Court is answered in the opinion as follows: "The Common Pleas Court could not effectively exercise the jurisdiction vested in it, without a substantial measure of control of the trust funds. Its proceedings are, as the court below held, quasi in rem, and the jurisdiction acquired upon the filing of the trustees' account is exclusive. The District Court for the Western District of Pennsylvania is without jurisdiction of the suit subsequently brought for the same relief, and the petitioners were properly enjoined from further proceeding in that court". Further citations from the aforesaid opinion might be here set up, but it is sufficient for present purposes to say that I am convinced that the rulings therein are emphatic and so closely in point with the issues here that no other conclusion can be arrived at but that the complaint herein should be dismissed on the ground that this Court has no jurisdiction.

An order will be entered in conformity herewith.